STATE of Missouri, Plaintiff-Respondent,

v.

Algernon McALLISTER,
Defendant-Appellant.

No. KCD 27889.

Missouri Court of Appeals,
Kansas City District.

March 1, 1976.

Jeffery L. Alena, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Philip M. Koppe, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

Defendant appeals a conviction of robbery in the first degree by means of a dangerous and deadly weapon. The jury sentenced the defendant to a term of seven years.

Defendant raises two issues on this appeal. First, a claim of error in admitting in evidence a blackjack taken from an accomplice upon the arrest of defendant and the accomplice; and, second, error in the cross examination of the defendant by the prose-

cutor with respect to his possession of a bus ticket. The facts may be stated in summary fashion since no claim is made that the evidence is insufficient. One Haller was accosted by two men in downtown Kansas City at about 4:15 a. m. Haller identified the men as defendant and one Parker. Parker asked Haller for money; and when it was not forthcoming, Haller was struck with a blackjack and threatened with further violence by the use of the blackjack. Haller testified that the blackjack offered in evidence could have been the blackjack used in the robbery of him. Haller surrendered his billfold and a pocket calculator which was readily identifiable because of a malfunctioning first digit. The police were immediately summoned. Haller was driven around the area, and the victim identified the two men at a location close to the robbery scene. Upon searching the men at the time of the arrest, the blackjack, Haller's pocket calculator and an amount of currency consistent with the amount taken from Haller's billfold were seized. Parker, the other man apprehended, had pled guilty and testified for the defendant. His testimony is inconclusive and vague with respect to the identity of the other person who was with him in the robbery. Parker claimed that he was under the influence of amphetamines at the time of the offense.

The first issue raised by the defendant, the claimed error with respect to the blackjack, was predicated upon defendant's claim that the State failed to properly identify the exhibit prior to its exhibition to the jury. The entire premise of defendant's argument on this point is that the identification of the blackjack was so tenuous as to render it inadmissible. The identification of an exhibit need not be wholly unqualified in order to make it admissible. Weapons or objects are properly admitted in a criminal trial upon a showing of identity in connection with the crime charged. The officer testified positively and unequivocally that the blackjack was taken from the possession of Parker. Haller, when the exhibit was shown to him, stated that the

exhibit could have been the blackjack wielded by Parker. The inference seems inescapable in view of the shortness of time and the apprehension of Parker with the weapon described by the victim when he reported to the police that the weapon was used in the perpetration of the crime. The fact that the defendant himself did not wield or possess the weapon is immaterial. The blackjack was relevant and probative evidence on the issue to be resolved by the jury, that issue being the participation of the defendant jointly with Parker in the commission of the robbery. *State v. Richards,* 467 S.W.2d 33, 36 (Mo.1971); *State v. Greathouse,* 519 S.W.2d 299, 302 (Mo.App. 1975); *State v. Kitchen,* 499 S.W.2d 572, 573 (Mo.App.1973).

The second issue posed by the defendant arose during the cross examination of the defendant who testified in his own behalf. During his testimony, the defendant said that, on the day of the offense, he had expressed an intention to return to Pittsburgh, Pennsylvania. On cross examination, the following query was made by the prosecutor:

"Q Mr. McAllister, have you ever thought about going back to Pittsburgh before?

A Yes, sir.

Q Didn't you in fact at one time have in your possession a bus ticket?"

An objection was made to that question on the grounds of relevancy which was overruled. The question was reframed and the defendant answered that he had a bus ticket, but not to Pittsburgh. The prosecutor continued to question him concerning his testimony about returning to Pittsburgh, and as to the time when he decided to return to Pittsburgh, and eventually, the defendant testified that he had formed the intention the day before this incident. The defendant, in the motion for new trial, complained that the question conveyed to the jury the notion that the defendant was under instructions to leave Kansas City. In the brief filed here, defendant claims that

this questioning by the prosecutor indicated that the defendant had a prior arrest record. Defendant's argument on this point is based upon information, extraneous to the record in this case, that the prosecutor in the instant case had been the prosecutor in a charge one month prior to the robbery of stealing a motor vehicle brought against the defendant and subsequently dismissed by the prosecutor when McAllister was intending to leave town. Absent this non-record information, which was certainly not before the jury, the inference which defendant seeks to draw from the line of questioning, that the defendant had an arrest record, simply does not follow.

When the defendant took the stand and testified in his own behalf, he became liable to cross examination as to any matter referred to in his examination in chief. Section 546.260 RSMo 1969. *State v. Scown,* 312 S.W.2d 782, 787 (Mo. 1958). The defendant's reference in general terms to his intent to leave Kansas City opened the door for the prosecutor to cross examine him in detail on that subject. *State v. Moser,* 423 S.W.2d 804, 806 (Mo. 1968). Even if erroneous, cross examination must be upon a material matter in order to be prejudicial. *State v. Pierson,* 331 Mo. 636, 56 S.W.2d 120 (1932). The defendant injected, by direct testimony, the evidence concerning his intention to leave Kansas City, and he cannot now complain of the prosecutor's cross examination of that intention. The prosecutor did not pursue the examination to elicit from the defendant the reasons for his prior intention to leave Kansas City which might have produced the inference which the defendant now seeks to draw.

Judgment affirmed.

All concur.