**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Hubert HANSON, Defendant-Appellant.**

**No. KCD28232.**

Missouri Court of Appeals, Kansas City District.

Aug. 30, 1976.

Thomas M. Larson, Public Defender, Lee M. Nation, Asst. Public Defender, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Christopher R. Brewster, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

A jury found defendant guilty of robbery in the first degree and assessed his punishment at 18 years in the Department of Corrections. From the judgment of conviction and sentence entered upon that verdict, the defendant has filed an appeal by leave of court out of time.

Defendant raises two claims of error, first, that the trial court erred in overruling an objection to an argument of the prosecutor with respect to the inference to be drawn from the failure of a supposed witness to appear at the trial and, second, to the admission of a revolver on the ground that it was not properly identified and connected with the defendant's activities.

The defendant has not raised the issue of submissibility, and the facts may be briefly stated. The robbery occurred at a grocery store in the early afternoon. Three black men entered the store. One of the men, a man later identified as Bergen, produced a revolver and announced that a holdup was in progress. The proprietor activated a silent alarm. An individual, subsequently identified as Hanson, took some money out of the office and some money from the proprietor's pockets, along with a pocket knife and a set of keys. He also ransacked the cash register. The pocket knife was later identified as that of the proprietor as well as the set of keys. The money, pocket knife, and keys were recovered from defendant on his apprehension. In response to the silent alarm, police officers interrupted the holdup and two of the individuals involved in the holdup ran to the back of the store as the police entered, while the defendant, who was wearing distinctive clothing, left by the front door. Sometime during the course of the robbery, the proprietor's gun had been taken but was left on a counter. The proprietor fired two shots, neither apparently striking the defendant. As the defendant ran out of the store, one of the officers who had gone to the back of the store saw him fleeing the scene and pursued him, firing two shots at him in the course of the pursuit, neither of which apparently struck the defendant. The defendant, however, fell to the ground, and another officer coming upon the scene shot the defendant in the hand after he failed to remain still at the officer's command. According to the proprietor, there was a woman in the store at the time the robbery occurred. This customer, as well as the proprietor and his son, were made to lie upon the floor during the robbery. On the apprehension of the defendant, the sum of approximately $360 in cash, as well as the keys and pocket knife, was found in his possession. The police officers found a weapon in the store which was not the

property of either the proprietor or his son. The other two men involved in the robbery were apprehended within the store itself.

The controversy with respect to the argument of the prosecutor is posed against the following factual background. The defendant had complete access to the prosecutor's file, and it is a fair inference from the record that the prosecutor's file and the police report did not contain the names of any other witnesses to the event, other than the proprietor and his son. The only way in which the presence of other witnesses is known is from the testimony of the proprietor who testified as to the woman customer in the store at the time of the robbery. The proprietor was asked on cross examination if he knew the woman's name, and he said that he did not, but that he knew her. He then said, "I believe the officer took her name." No other evidence appears in the record with respect to the identity of this person. To place the defendant's argument in focus, it is necessary to mention one other trial incident. The defendant testified and explained the possession of the $360 by asserting that it was the joint property of himself and a woman with whom he was living. She was apparently present in the courtroom throughout the trial. In his opening argument, the prosecutor argued the issue of the possession by the defendant of the $360 by asserting that the only person who stated it was his money and that of the woman who was living with him was the defendant. Further, the State argued the defendant's failure to call this woman as a witness to corroborate his testimony entitled the jury to believe that her testimony would be contradictory to that of the defendant. No objection was made to that argument. In the defense portion of the argument following the opening argument of the prosecution, the defendant, through his counsel, referred to the prosecutor's argument concerning the inference arising from the failure of the defendant to call the woman who was living with him accepting, in effect, the challenge of the State. Defendant's counsel then asked the jury to draw a similar inference from the failure of the State to call the customer as a witness

in the case. The State, in summation, responded by saying the prosecution was without knowledge as to the identity of the customer. The defendant objected on the grounds that the police department had knowledge of the woman customer and that she was, therefore, more available to the State than to the defendant, and no such inference as the prosecution suggested could be drawn.

The defendant's argument is bottomed upon the assertion by the proprietor that he "believed" the police officers obtained the name of the woman customer. In the colloquy between court and counsel when the objection was raised, the prosecutor asserted without contradiction that the police did not have the name of the woman customer, nor did it appear in the State's file. One of the police officers who was in the store was specifically asked if he had contacted anyone else at the time of the event to which he unequivocally answered, "No." None of the other police officers were asked if they had obtained the names of any witnesses.

■ In this case, there is no evidence that the prosecution knew the identity of the woman customer. The element of retaliation is also present in this case. Defense counsel was the first to assert that such a witness existed and attempted to obtain the advantage of claiming that her testimony would have been unfavorable to the State based upon the nebulous inference arising from the proprietor's statement that he "believed" that the police obtained her name. In this state of the record, the determination of this issue is clearly controlled by *State v. Houston,* 451 S.W.2d 37 (Mo.1970), where the appellant argued the whereabouts of a witness and the State retaliated by referring to the fact that the witness had not been called to testify, the court there concluding that because of the retaliatory nature of the argument it was not improper, relying upon *State v. Lorts,* 269 S.W.2d 88, 92 (Mo.1954), which states the general rule that a defendant may not by improper argument provoke a reply and then complain of error upon the basis of the reply.

■ On the second assignment of error, the defendant asserts that the State failed to connect the revolver offered in evidence with either the defendant or those associated with him in the robbery. The difficulty with the argument is that it has no factual basis. At the trial, the son of the proprietor testified that the revolver offered was according to his belief recovered from one of the defendants. The defendant argues that this testimony is insufficient to identify it. The proprietor, however, directly testified that the revolver offered in evidence was the gun which was held upon him during the course of the robbery by one of the robbers and that it was the gun retrieved by the officer at the store. This is clearly sufficient to identify the gun as one used in the commission of the offense and whether it was used by the defendant or by one of his accomplices in the perpetration of the robbery is immaterial. The identification was clearly sufficient, and no error arose by reason of the introduction of the revolver in the evidence. *State v. McAllister,* 534 S.W.2d 611 (Mo.App.1976).

Judgment and conviction affirmed.

All concur.