**STATE of Missouri, Plaintiff-Respondent,**

**v.**

**Larry Ray MILLER,
Defendant-Appellant.**

**No. KCD 28118.**

Missouri Court of Appeals,
Kansas City District.

Aug. 30, 1976.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 12, 1976.

Austin F. Shute, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., Charles L. Howard, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before DIXON, P. J., PRITCHARD, C. J., and WASSERSTROM, J.

DIXON, Presiding Judge.

A jury convicted the defendant of assault with intent to kill with malice aforethought but were unable to agree on the punishment. The trial court set the punishment at twenty years, and the defendant appeals from the judgment and sentence entered.

The defendant raises no issue of submissibility and a brief statement of the facts will suffice. Frank H. Perez, the manager of a homosexual bar in Kansas City, Missouri, was assaulted by three men, all known to him, among them the defendant who was also an employee of the bar. Perez said that one of his attackers beat him with a

pool cue and that the defendant beat him with a metal bar from a set of dumb bell weights which Perez had seen before since they were a part of the equipment on the premises. Although he did not see the weapon used by the third person, Perez stated it was a very hard object. Perez identified the pool cue and two metal bars which were similar but he was unable to say which one of the bars the defendant was using to strike him. The police officers who arrived at the scene found the metal bars in close proximity to Perez, and one of the bars had particles of blood, hair and flesh on it when found. Perez suffered several fractures of the skull and severe lacerations to his head as a result of the attack. The State's evidence further demonstrated that the attack was based upon a conspiracy to kill Perez between the defendant and the other two assailants. This came into the case by the direct testimony of one of the co-conspirators. Defendant was seen immediately after the assault with blood on his shirt and arm.

■ Defendant raises a claim of error in the admission of the two 15-inch steel bars in a diffused point asserting it was error to admit using the description of the exhibit in the instruction, and permitting reference to it in argument by the prosecutor. It is clear that the weapons used to assault Perez were sufficiently identified to permit their admission into evidence. *State of Missouri v. Hanson,* 541 S.W.2d 79 (Mo. App.1976); *State v. McAllister,* 534 S.W.2d 611 (Mo.App.1976). An examination of the manner in which the exhibits were used does not demonstrate the prejudice which defendant claims outweighs the probative value of the evidence. The cases cited by the defendant are cases involving prosecutorial conduct which amounted to a personalization of the jury and, although coincidentally weapons were also used, the thrust of the cited cases goes to the nature of the argument rather than the use of exhibits properly admitted in evidence. Argument of an even more aggravated fashion has been approved. In *State v. Murray,* 280 S.W.2d 809, 812 (Mo.1955), the prosecutor grabbed a gun and ran before the jury

with it shaking it in the face of the jury and the court refused to find error in that action.

■ Defendant's second claim is that the court erred in overruling an objection to the prosecutor's closing argument in his use of the pool cue which had been identified as an exhibit. The defendant again cites cases involving personalization of the jury. In this case, the argument to which the objection was made was as follows:

"The pool cue, the evidence showed Mr. Miller as having brought in that night because he might need it later on, the pool cue that was found with blood on it, the pool cue that can deal a blow (indicating) that can kill a man.

MR. PELOFSKY: If the Court please, I object to counsel demonstrating. There's been no evidence of that in this case."

The argument simply does not have the effect which defendant now ascribes to it in the brief. As to the actual objection, clearly the record does not support any inference that the demonstration was improper or tended to inflame the jury. Defendant claims in his brief that counsel struck the rail or the witness chair with the pool cue, but the record does not support that assertion. In any event, the severity of the victim's injuries and his description of the assault did justify the prosecutor demonstrating to the jury the manner in which the pool cue could have inflicted injuries which were almost fatal.

■ Defendant raises as a final issue a claim that the grand jury was not a random selection nor a cross section of the community in violation of the 4th and 5th amendments to the United States Constitution, and Article I, Section 16 of the Missouri Constitution. The point is so abstract that it could be ignored. In the argument portion of the brief, the apparent ground for the attack is that the defendant was also a homosexual and that no homosexuals were shown to be on the grand jury lists. Stating the argument should be a sufficient

answer, but even if it merited further consideration, defendant has produced no evidence or facts with respect to the composition of the grand jury, the selection process, or the percentage of homosexuals in the community, a necessary predicate to such an attack. *State v. Baker*, 524 S.W.2d 122, 125 (Mo. banc 1975).

The judgment is affirmed.

All concur.