**STATE of Missouri, Respondent,**

v.

**John E. BLOCKTON, Appellant.**

**No. 38293.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 23, 1977.

Motion for Rehearing and/or Transfer
Denied Oct. 11, 1977.

Robert C. Babione, Public Defender, Mary Louise Moran, James W. Whitney, Jr., Asst. Public Defenders, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, George A. Peach, Circuit Atty., John F. White, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

In this jury-waived burglary case the trial court found defendant Blockton guilty and sentenced him as a second offender to seven years' imprisonment. Defendant appeals, contending the court erred in receiving in evidence a bent screwdriver and a pistol found on an accomplice. We relate the evidence relevant to defendant's challenges.

Mrs. Augar Smith locked her home when she left in the afternoon. Early the next morning police were informed the front door was open and they found the door broken and the house ransacked. Some household goods had been sacked and others readied for removal. The police found defendant Blockton, Glenn Holmes and Zachary Jackson hiding in the basement; the three were arrested and searched. The challenged exhibits—a bent screwdriver and an automatic pistol—were found on Glenn Holmes.

Defendant testified he, Holmes and Jackson saw Mrs. Smith's front door had been broken open and they entered out of curiosity.

Defendant first contends admitting the bent screwdriver found on Glenn Holmes was irrelevant as to him, the defendant. Considering that the evidence showed Mrs. Smith's front door had been forcibly opened, the bent screwdriver was relevant to the element of burglarious entry. Compare *State v. Marler*, 453 S.W.2d 953 [2, 3] (Mo. 1970). *Marler* further held such instruments are admissible when found in an accomplice's possession. On this point see also *State v. McAllister*, 534 S.W.2d 611 [1] (Mo.App.1976). The bent screwdriver was admissible.

Over defense objection of inadequate identification the court admitted into evidence a pistol, missing from Mrs. Smith's bedside table and found on defendant's accomplice Holmes. Defendant contends the

pistol was inadequately identified as Mrs. Smith's. Although Mrs. Smith was unfamiliar with firearms and had never used the pistol, she testified it was the one given to her husband and kept by her for eight years in a bedside table that had been ransacked. The stolen object, in possession of an accomplice, was relevant to the burglary charge and was properly admitted. Compare *State v. Richards,* 467 S.W.2d 33[3] (Mo.App.1971).

Judgment affirmed.

DOWD and SMITH, JJ., concur.