Larry Ray MILLER, Plaintiff-Appellant,

v.

STATE of Missouri,
Defendant-Respondent.

No. KCD 30381.

Missouri Court of Appeals,
Western District.

Dec. 31, 1979.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Feb. 4, 1980.

Application to Transfer Denied
March 11, 1980.

Clifford A. Cohen, Public Defender, Kevin R. Locke, Gary L. Gardner, Asst. Public Defenders, for plaintiff-appellant.

John Ashcroft, Atty. Gen., Jefferson City, Philip M. Koppe, Asst. Atty. Gen., Kansas City, for defendant-respondent.

Before DIXON, P. J., and TURNAGE and KENNEDY, JJ.

KENNEDY, Judge.

This is a Rule 27.26 proceeding, by which the petitioner seeks to have set aside his 1975 conviction in the Jackson County Circuit Court of assault upon one Perez with intent to kill with a deadly weapon with malice aforethought. He was sentenced upon the conviction to 20 years' confinement in the Missouri Department of Corrections. The judgment was affirmed upon appeal. The appeal is reported in *State v. Miller*, 542 S.W.2d 322 (Mo.App.1976).

Appellant's Rule 27.26 petition was denied by the circuit court after an evidentiary hearing. He appeals to this court, advancing as his only point that he was "denied effective assistance of counsel due to his counsel's failure to interview the witness Joseph Bailey prior to appellant's trial", and that the court therefore erred in denying his motion to vacate. Appellant was represented upon the trial by private retained counsel.

The testimony upon the 27.26 hearing included that of the witness Bailey. He testified that he had been convicted prior to the trial of appellant Miller, of the same offense. Bailey said that the attorney representing Miller on the assault trial never interviewed him or sent anyone to him for that purpose. Bailey said that he remembered a part of the events of the assault of which he and the appellant were convicted. Bailey said that before appellant's trial he did speak with him "every once in a while" about his trial. The trial court's fact findings indicate that appellant Miller and Bai-

ley were incarcerated together during the pendency of appellant's trial.

Appellant's trial counsel testified on the Rule 27.26 hearing, and stated that he had not interviewed Bailey personally before the trial, but that he had talked with appellant Miller about what the testimony of Bailey would be. He also had gotten the court reporter to read him Bailey's testimony given at his own earlier trial. Appellant's counsel said that the witness Bailey was represented by another attorney and he thought there might be some question of ethics involved in his interviewing him. The appeal of Bailey's conviction, which was affirmed, is reported in *State v. Bailey*, 544 S.W.2d 285 (Mo.App.1976).

Bailey had been called at the trial as appellant's witness. He testified, as expected, that he alone had made the assault upon the victim, Perez, and that appellant had not participated therein and was in fact not even in the room when the assault occurred. Bailey's defense upon his own trial had been self-defense.

Bailey had made a statement to the police which was inconsistent with his trial testimony, in which statement he had incriminated the appellant. Appellant's counsel on direct examination at appellant's trial asked Bailey about the statement. Bailey acknowledged the statement but explained that it was given while he was under the influence of LSD and denied its truth. The prosecuting attorney proceeded to have the statement marked for identification and to use it in cross-examination, but the statement itself was not introduced in evidence.

■ Appellant does not point to any testimony which an interview with Bailey might have discovered, which might have aided defendant on his trial. Bailey's testimony was what was expected and, if believed by the jury, would have exonerated appellant. Appellant says in his brief on the present appeal: "Perhaps had counsel more adequately investigated the case, he would have unearthed facts which would provide a basis for a challenge to his (Bailey's) testimony on the grounds that the statement given by Bailey to police was involuntarily given." There is no evidence that appellant's counsel did not know of Bailey's claim that he had made the statement while under the influence of drugs. It appears that he did know of it, for it was he who inquired about it on direct examination on the trial. Moreover, it is not sufficient for appellant to say that an interview "might have" uncovered some unspecified evidence in order to entitle him to any relief on the grounds of ineffective assistance of counsel. To establish any claim for relief because his trial counsel failed to interview a witness, he must show that such an interview would have disclosed certain specific evidence which would have aided defendant in his trial. *Williams v. State*, 536 S.W.2d 190, 192 (Mo.App.1976). Defendant has shown no prejudice at all resulting from the failure of his trial counsel to interview witness Bailey. In order to make a case for relief for failure of his counsel to interview a witness, he must show not only that his attorney was derelict in his duty, but that the dereliction resulted in prejudice to himself. No prejudice to the defendant is shown. *Smith v. State*, 513 S.W.2d 407, 411 (Mo. banc 1974) (overruled on other grounds, *Fields v. State*, 572 S.W.2d 477, 482 (Mo. banc 1978)); *Babcock v. State*, 485 S.W.2d 85, 89 (Mo.1972); *Jackson v. State*, 510 S.W.2d 707 (Mo.App.1974).

The judgment is affirmed.

All concur.