**Derrick HUMPHREY, Appellant,**

v.

**STATE of Missouri, Respondent.**

**No. WD 38096.**

Missouri Court of Appeals,
Western District.

Nov. 4, 1986.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 23, 1986.

Application to Transfer Denied
Feb. 17, 1987.

Kathleen Murphy Markie, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before PRITCHARD, P.J., and KENNEDY and LOWENSTEIN, JJ.

PRITCHARD, Presiding Judge.

In this Rule 27.26 proceedings, appellant seeks to have his guilty plea to burglary in the first degree, and a sentence to seven years imprisonment thereon, set aside.

The gist of appellant's Point I is that he was forced to plead guilty because his counsel failed to investigate or prepare a defense and failed to interview possible witnesses named by appellant or endorsed by the state, and his guilty plea was entered because of his fear of facing trial with an ill-prepared and ineffective counsel.

Appellant was originally charged with burglary and attempted rape. After extensive plea bargain negotiations, he agreed to plead guilty to burglary in exchange for the state's dropping of the attempted rape charge and recommending a ten-year sentence, and his guilty plea was entered on October 22, 1982, to the burglary charge, which plea the court found to be voluntary. Sentencing was deferred pending a pre-sentence investigation. Then, on October 23, 1982, appellant wrote a letter to the court which caused it to believe that the plea was equivocal, and the guilty plea was set aside on October 28, 1982. Thereupon, the state requested leave to file an amended information reestablishing the original two charges and adding an allegation that appellant was a persistent offender. The state also requested leave to endorse four additional witnesses. Appellant made motions for new counsel and for a continuance, which was overruled. Because the clothing which appellant was wearing on the night of the alleged offense were marked as exhibits, and he had no other clothing than that which he was wearing, his counsel moved to require the state to provide him with additional clothing for the trial that day. The court denied the request noting that the clothing appellant was wearing was dark green in color and had no particular identification on it which would indicate one way or another (whether it was jail attire).

Thereupon, appellant stated to the court that he wanted to withdraw his plea of not guilty to the burglary charge, and plead guilty to it. A long colloquy was had before the court during which it expressed reluctance in accepting the guilty plea in view of the letter he had previously written to the court. Appellant stated that the reason he wrote the letter was to get new counsel, that he was not coerced or pressured into pleading guilty, and he did not want a trial. Appellant was then sworn, and the court conducted an extensive interrogation of him. He testified that he understood that he was giving up his right to jury trial; the right to make the state prove its case; the right to have witnesses called who would be helpful to him; the right not to take the witness stand; and the court would fix the punishment possibly following the prosecutor's recommendation of 10 years. His counsel was present at the preliminary hearing, questioned witness thereat, and was in court with appellant on each and every appearance. There were no witnesses whose names appellant had given counsel that he wanted him to talk to that appellant knew about, and appellant did not know of any witnesses he

believed counsel should talk to. The plea he was entering was not against his will; no one intimidated or coerced appellant to enter the plea of guilty; the appellant understood that he did not have to plead guilty. The cause of his guilty plea were the two charges the state was going to trial on, and the attempted rape charge and the persistent offender allegation were being dropped. The attempted rape charge could have had a sentence of 5 years to life, substantially less than what the state recommended. Counsel conferred with appellant about each plea bargain offer, about 5 to 7 times. The court further asked: "Q. And why are you pleading guilty? A. Because I am guilty of the charge of burglary."

At the evidentiary hearing on the Rule 27.26 motion, counsel testified that he was ready for trial. He had talked with appellant several times and was familiar with the case; he had read the police reports, consulted two doctors with reference to appellant's deformed arm which would bear on his ability to commit an attempted rape of the victim; he pointed out discrepancies in the victim's description of appellant at the time of the alleged rape; and he had attended the preliminary hearing at which the victim testified, and cross-examined her. In short, it appears that there were few defenses to offer other than an attempt to discredit the victim's testimony, and putting appellant on the stand, which might have been hazardous, considering his prior convictions. Furthermore, as noted, appellant's position was substantially enhanced with respect to possible sentences and what he received by reason of his counsel's efforts in plea bargaining. Counsel believed that it would be in appellant's best interests to plead guilty to the burglary charge and have the attempted rape charge and the allegation of his being a persistent offender dropped. It appears from the record that the plea bargain agreement was the motivating factor for the plea.

Appellant faults his counsel for lack of preparation to present a defense because of his failure to interview possible beneficial witnesses. According to his testimony at this hearing, that defense had to do with his going to the victim's apartment in order to collect a debt from one Jamie (Duncan ?), and not for any illegal purpose. He mentioned Scott Politte, Diane Hines or Haynes and Karen somebody as persons who knew that Jamie owed him money, and that he told his counsel about them. Counsel remembered something about Scott Politte, but did not recall what, and he could not admit or deny that appellant named several witnesses who he did not contact— counsel had no independent recollection. He testified that the state had several witnesses who would testify to appellant's criminal acts, and he did not think it would sound too good if he testified that he went there (to the apartment) with the intention of collecting a debt. Appellant's story was pretty much at odds with all the state's evidence.

Appellant did not testify that he told his counsel what the substance of any witnesses' testimony would be, or that it would be helpful to him, i.e. that they knew that he was present at the scene merely to collect a debt, and not simply, as he stated, that they knew that Jamie owed him money. There is nothing shown that would tend to exonerate appellant, which is required where there is a charge that counsel failed to interview witnesses. *Miller v. State*, 593 S.W.2d 574, 575 (Mo.App.1979); and *Williams v. State*, 536 S.W.2d 190, 192[5] (Mo.App.1976), where it was said also, "An attorney has 'the right to exercise his professional judgment regarding leads suggested by defendant (citing case)'; and 'which witnesses to call and how best to defend, are matters of strategy and tactics. Counsel's actions will not lightly be judged ineffective because of trial error in such matters.'" In view of what appears to be strong state's evidence of appellant's criminal acts, counsel cannot be faulted in failing to interview witnesses suggested by appellant, and pursuing in lieu thereof plea

bargain agreements which were beneficial to him. Furthermore, appellant's credibility as a witness here was for the trial court to determine, viewed in the light of his guilty plea answers that there were no witnesses he wanted counsel to talk to, and that the reason he was pleading guilty was that he was guilty of the charge of burglary. *Pool v. State,* 670 S.W.2d 210 (Mo.App. 1984). The trial court's finding that appellant's plea was voluntarily made, is not, under all the facts, clearly erroneous.

In Point II, appellant claims that the trial court coerced him into pleading guilty by (1) denying his request for a new attorney; (2) by allowing the prosecution to amend the information and endorse additional witnesses; and (3) by forcing him to wear prison clothes and stand trial on the same day he withdrew his guilty plea (without a requested continuance). The request for a new attorney was based upon appellant's feeling that his attorney was not prepared for trial. The evidence above shows that counsel was, in fact, ready for trial, so that contention is without merit. The amendment merely realleged the original two charges which were not different or new offenses, and the allegation that appellant was a persistent offender is not an additional charge. *State v. Walker,* 629 S.W.2d 558, 560[3, 4] (Mo.App.1981). Permitting the amendments was in the sound discretion of the court. *State v. Mason,* 650 S.W.2d 15, 16[2, 3] (Mo.App.1983). The fact that the amendment might result in a more severe punishment does not render it impermissible in the light of encouraging plea negotiations, which were here reestablished in accordance with the original bargain. *Phelps v. State,* 683 S.W.2d 665, 668 (Mo.App.1985). Although it may be improper to require an accused to appear in prison clothes for trial before a jury, *State v. Wright,* 632 S.W.2d 296, 298 (Mo.App. 1982), here the trial court observed that the clothing was not identifiably prison clothing, it having observed it, so there is nothing shown to be coercive about appellant's clothing which would affect the voluntariness of his guilty plea.

The judgment is affirmed.

All concur.