Joseph **GEORGE, Jr.**, Appellant,

v.

Charles **BLACK**, Warden, Nebraska State Penitentiary, Appellee.

No. 83–1783.

United States Court of Appeals, Eighth Circuit.

Submitted April 10, 1984.

Decided April 16, 1984.

---

Paul L. Douglas, Atty. Gen., Dale D. Brodkey, Asst. Atty. Gen., Lincoln, Neb., for appellee.

Susan Jacobs, Healy, Brown, Wieland, Kluender, Atwood & Jacobs, Lincoln, Neb., for appellant.

Before ROSS, ARNOLD and FAGG, Circuit Judges.

ROSS, Circuit Judge.

The issue in this habeas corpus action is whether Joseph George, Jr.'s plea of nolo contendere to attempted sexual assault was entered voluntarily. The questions on appeal are: 1) whether a state trial court's failure to inform a defendant in a criminal trial that he would be subjected to a mental health commitment hearing upon completion of his sentence rendered a plea of nolo contendere involuntary, and 2) whether civil commitment following incarceration is a direct consequence of the defendant's plea.

Joseph George, Jr. is incarcerated in the Nebraska State Penitentiary. George was indicted and tried in Lancaster County District Court on the charge of first degree sexual assault. A jury found him guilty and the court sentenced him to a term of not less than 14 years nor more than 20 years, to run consecutive to a prior term being served. That conviction was reversed and the case remanded for a new trial following a successful appeal to the Nebraska Supreme Court. *State v. George*, 210 Neb. 786, 317 N.W.2d 76 (1982). George returned to state district court for arraignment on an amended charge of attempted sexual assault. As the result of a plea agreement, he entered a plea of nolo contendere to the new charge. The Honorable Donald Endacott heard and accepted the plea and found George guilty of attempted sexual assault. After a presentence investigation, Judge Endacott determined that George was an untreatable mentally-disordered sex offender and sentenced him to a term of 18 years in the state penitentiary.

George appealed the sentence to the Nebraska Supreme Court; the court affirmed.

*State v. George*, No. 82–479, 212 Neb xxxii (1982) (affirmed without opinion). Having exhausted his state court remedies, George filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in United States District Court on February 2, 1983. On May 6, 1983, Chief Judge Urbom dismissed the application. George appeals to this court, claiming that the district court erred in finding that George's nolo contendere plea was entered voluntarily and intelligently. George also claims that his trial counsel rendered ineffective assistance.

**DISCUSSION:**

George argues that his plea of nolo contendere was not made knowingly, voluntarily or intelligently because the trial judge failed to inform him that he would be subjected to a civil mental health commitment hearing upon the completion of his sentence.

■ A plea of guilty or no contest must be entered voluntarily and intelligently, since the accused waives a number of constitutional rights by doing so. In *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970), the Court instructed that relinquishments of constitutional rights must be "done with sufficient awareness of the relevant circumstances and the likely consequences." *Id.* at 748, 90 S.Ct. at 1469, 25 L.Ed.2d 747. However, the accused need only be informed of the "direct consequences" of the guilty plea. *Id.* at 755, 90 S.Ct. at 1472, 25 L.Ed.2d 747. It is not necessary to attempt to inform the defendant of all the indirect or collateral consequences. *United States v. Lambros*, 544 F.2d 962, 966 (8th Cir.1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). "The distinction between 'direct' and 'collateral' consequences of a plea, while sometimes shaded in the relevant decisions, turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." *Cuthrell v.*

*Director, Patuxent Institution*, 475 F.2d 1364, 1366 (4th Cir.), *cert. denied*, 414 U.S. 1005, 94 S.Ct. 362, 38 L.Ed.2d 241 (1973); *United States v. Lambros, supra*, 544 F.2d at 966.

■ In the instant case, George was charged with attempted sexual assault on a child: a Class III felony. The trial judge informed him of all the direct consequences of his plea. The prosecutor explained the charges as well as the possible sentence and fine. The judge explained to George in detail that he would be waiving a number of constitutional rights; George stated that he understood the nature of the rights he was waiving. The court established a factual basis for the plea and determined that George entered the plea and waived his rights "freely, voluntarily, intelligently, knowingly, and with knowledge and understanding of the consequences." The court then accepted the nolo contendere plea. The judge did not, however, inform George that under NEB.REV.STAT. § 29–2920 (Reissue 1979), he would be subjected to a mental health commitment proceeding after his release from the penitentiary.

George argues that as a result of the commitment hearing, his incarceration for the crime to which he pled no contest could be extended beyond the sentence announced by the court. The question, then, is whether actual commitment to an institution is a direct consequence of the nolo contendere plea. Turning to the the test set out in *Cuthrell, supra*, the answer is affirmative if commitment to an institution would result definitely, immediately, and automatically from appellant's plea.

The district court[1] found that such commitment would be a collateral consequence:

Given the *Lambros* test and the above examples, I believe that the mandatory mental health commitment proceedings which the petitioner faces under § 29–2920 are collateral consequences of the plea. It is true that § 29–2920 requires

1. The Honorable Warren K. Urbom, Chief Judge, United States District Court for the District of Nebraska.

the prosecuting county attorney to cause commitment proceedings to commence when a mentally disordered sex offender is released from prison. However, while the proceedings are mandatory, commitment is not. The commitment proceedings are completely distinct from the original criminal proceedings and are conducted by a different tribunal. The defendant is guaranteed his constitutional rights to a hearing, notice of the hearing, appointed counsel, discovery, an opportunity to testify and present evidence on his own behalf, compulsory process for obtaining favorable witnesses, and cross-examination. §§ 83–1048 to 83–1058, R.R.S. Neb. (Reissue 1981). Unlike a criminal conviction, which requires only proof beyond a reasonable doubt, the mental health board must determine that there is clear and convincing proof that the defendant is a mentally ill and dangerous person. § 83–1035. Finally, the board need not commit the defendant if less drastic remedies are available. In short, commitment under these proceedings is not definite, automatic, or immediate, especially when it is compared to a mandatory special parole term. The latter is mandatory and must be included in the sentence imposed by the trial judge; the former may be imposed by an entirely different body at a different time after a different set of proceedings with a different burden of proof. *Cf. Hutchison v. United States*, 450 F.2d 930, 931 (C.A. 10th Cir.1971) (where inmate received two-year sentence for escaping from prison, he could not withdraw his guilty plea because he had not been told that he could lose good time via separately conducted in-prison proceedings).

We agree with the district court's conclusion that the state statutory scheme does not produce the automatic consequences necessary under *Lambros, supra*. Furthermore, both *Cuthrell* and *Lambros* require that to be considered direct, the consequences of the plea must involve some effect on the range of the defendant's punishment. We need not reach this issue because we conclude that civil commitment does not flow automatically from the plea.

■ George also argues that his trial counsel failed to render effective assistance. He has not raised this issue in the state courts, nor did he present it to the district court. Consequently, we will not consider it for the first time on appeal. *See United States v. King*, 616 F.2d 1034, 1042 (8th Cir.), *cert. denied*, 446 U.S. 969, 100 S.Ct. 2950, 64 L.Ed.2d 829 (1980); *Kapp v. Naturelle, Inc.*, 611 F.2d 703, 709 (8th Cir.1979); *American General Finance Corp. v. Parkway Bank*, 520 F.2d 607, 608 (8th Cir.1975); *United States ex rel. Huisinga v. Commanding Officer, Armed Forces Examining and Entrance Station*, 446 F.2d 124, 125 (8th Cir.1971).

Accordingly, we affirm the district court's denial of the great writ.