Milton Vincent GRIFFIN,
Defendant-Appellant,

v.

STATE of Missouri,
Plaintiff-Respondent.

No. 47901.

Missouri Court of Appeals,
Eastern District,
Division Four.

Nov. 20, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Jan. 7, 1985.

Application to Transfer Denied
Feb. 26, 1985.

Lew A. Kollias, Jefferson City, for defendant-appellant.

John Ashcroft, Atty. Gen., Richard Baugh, Jefferson City, for plaintiff-respondent.

SNYDER, Judge.

Milton Vincent Griffin appeals from a judgment denying his Rule 27.26 motion to vacate his conviction and sentence on a charge of stealing a motor vehicle in violation of § 570.030 RSMo.1978 to which he pleaded guilty. The judgment is affirmed.

His principal complaint is that the trial court did not comply with Rule 24.02 which requires the court to inform a defendant who wants to plead guilty of the defendant's rights and the maximum and minimum penalties as well as other facts applicable to the offense.

Movant also contends that the trial court erred in denying his Rule 27.26 motion without an evidentiary hearing because (1) movant received ineffective assistance of counsel; and (2) the Rule 27.26 motion alleged facts sufficient to show that his guilty plea was not knowing and voluntary, thus requiring a hearing to determine movant's understanding of the guilty plea process.

Movant argues further that it was plain error for the trial court to assess a twenty-six dollar judgment pursuant to "The Aid to Victims of Crime Bill," § 595.045 RSMo. 1983 Cum.Supp., because the offense to which he pleaded guilty occurred on a date prior to the effective date of the statute.

Movant on November 2, 1981 first attempted to plead guilty to first degree robbery. During the plea proceeding the trial court questioned movant extensively about his willingness to plead guilty and his rights, but ascertained finally that movant denied robbing the victim of anything. The court then suggested that movant talk further with counsel. No mention was made of maximum and minimum penalties on November 2.

On November 3, 1981 movant again came to court with counsel and, after the state filed an amended information, changed his plea to guilty of the offense of stealing a motor vehicle. The trial court, not speaking directly to movant, but in a discussion with counsel, stated that the "maximum punishment for a Class C felony without any enhancement is two to seven years."

The plea bargain sentence had been ten years based on movant's being a prior offender. At the sentencing the court again mentioned the maximum and minimum sentences for the Class C felony and the bargained sentence of ten years after enhancement.

The state then informed the trial court that the penalty could not be enhanced on the basis of movant being a prior offender, only if he were a persistent or dangerous offender. By agreement of the parties the state's amended information pleaded movant as a persistent offender. They also agreed to reduce the bargained sentence from ten to nine years.

On appeal this court must determine whether the findings, conclusions and judgment of the trial court are clearly erroneous. Rule 27.26(j). *Moore v. State*, 637 S.W.2d 275, 276[1, 2] (Mo.App.1982). If they are not clearly erroneous, the judgment must be affirmed.

Rule 24.02(b) V.A.M.R. provides in part that:

"... [B]efore accepting a plea of guilty, the court must address the defendant personally in open court, and inform him of, and determine that he understands, the following:

1. ... the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law ..."

Although the trial court did not directly inform the movant of the maximum and minimum penalties for stealing a motor vehicle, the penalties were specifically mentioned in discussion with counsel in the presence of movant. The record shows that movant understood the two to seven years penalty and that it would be enhanced because he was a persistent offender. A portion of the record reads:

(The Court)

Q  Do you remember the plea bargain when you pled guilty?

A  Yes, sir.

Q  All right. It was supposed to be a ten year sentence, do you remember that?

A  Yes, sir.

Q  You're now being offered a nine year sentence because of what we've just discussed, namely that I couldn't sentence you to ten years under a conviction of stealing as a prior offender. I could only do it if you were a persistent or dangerous offender.

I'm giving you the chance to take back your plea of guilty completely and to have a trial if you want it. Do you understand what I'm saying?

A  Yes, sir, I understand.

Q  Do you want to do that?

A  No, sir.

Rule 24.02 became effective on January 1, 1980, replacing prior Rule 25.04. Rule 24.02 differs from Rule 24.04 in part because Rule 24.02 requires the trial court to advise the defendant of the mandatory minimum and maximum possible penalties before accepting a guilty plea. Rule 24.-02(b)1.

Research disclosed no Missouri cases which interpret Rule 24.02(b)1. The cases under Rule 25.04 only required that the trial court determine that the plea was made voluntarily and with understanding. *Blade v. State*, 558 S.W.2d 352, 354–55[5] (Mo.App.1977).

■ After a thorough consideration of the record, this court finds that there was substantial compliance with Rule 24.02. The transcript of the hearing shows that movant knew exactly what the sentence was. He had agreed to ten years, which was reduced to nine years in exchange for the agreement by his counsel that no objection would be raised to the amendment of the information to charge that movant was a persistent offender. Movant twice heard the trial court state the minimum and maximum punishment for the Class C felony offense of stealing a motor vehicle, once at

the hearing on his Rule 27.26 motion and once at the sentencing. Movant obviously understood the nature of the charge. *Giles v. State*, 562 S.W.2d 106, 109[2] (Mo. App.1977).

■ Movant also understood and waived all of his other rights. This is shown by the record of the court proceedings on November 2 and November 3, 1981. To say that the proceedings on November 2, 1981, when he said he would plead guilty to robbery first degree did not carry over to November 3, 1981, the very next day, when the trial court accepted his plea of guilty to the charge of stealing a motor vehicle, would be to elevate form over substance and deny the irrefutable evidence of the record.

At no time does movant argue that he did not understand the applicable punishment. On the contrary, he clearly understood and agreed to the nine year sentence which the trial court ultimately imposed. This court holds there was sufficient compliance with Rule 24.02 based on the record in this case.

■ The appellant is correct when he asserts that Missouri Rule 24.02 is an adoption of Rule 11(c) of the Federal Rules of Criminal Procedure. When Missouri adopts a statute from another state it also adopts that state's construction of the law. *General Box Co. v. Missouri Utilities, Co.*, 331 Mo. 845, 55 S.W.2d 442, 447[6] (1932). When Missouri adopts a federal statute the executive and judicial interpretations are strong persuasive authority. *Mid-Continent Aerial Sprayers v. Industrial Com'n.*, 420 S.W.2d 354, 360[7] (Mo.App. 1967). There is no reason to distinguish an adoption of procedural rules from adoptions of statutes.

■ Missouri cannot have adopted the federal construction of Rule 11(c) because there are conflicting constructions among the federal circuits. Appellant cites cases which indicate that failure to comply with the technical requirements of Rule 11(c) mandates reversal, *e.g.*, *Yothers v. United*

*States,* 572 F.2d 1326 (9th Cir.1978). There are also cases in other circuits which hold defendants may not withdraw guilty pleas without proving that failure to comply with Rule 11(c) caused prejudice. See, *e.g., Keel v. United States,* 585 F.2d 110 (5th Cir. 1978). *U.S. v. White,* 572 F.2d 1007, 1009[1] (4th Cir.1978).

■ The conflicting constructions of Rule 11(c) existed when Missouri adopted the Rule 11(c) language. Contemporaneous inconsistent constructions do not shed light on which interpretation, if any, was intended. This court holds that when Missouri courts adopt a federal rule of procedure which various circuits construe in conflicting ways, the conflicting constructions have no weight. The courts of Missouri are free to select among conflicting constructions or disregard them entirely.

Movant raises a constitutional issue in his appellate brief for the first time. It relates to what movant describes as the ex post facto application of the law under which the trial court imposed a $26.00 judgment. § 595.045 RSMo.Cum.Supp.1983. Movant failed to object to the rendering of the judgment at the time he was sentenced in the trial court.

■ A Rule 27.26 motion is an independent civil action governed by the rules of civil procedure. *State v. Gilmore,* 617 S.W.2d 581, 583[2] (Mo.App.1981). Constitutional issues must be raised at the earliest opportunity or they are waived. *State v. Thompson,* 627 S.W.2d 298, 303[4, 5] (Mo.banc 1982); *Meadowbrook Country Club v. Davis,* 384 S.W.2d 611 (Mo.1964). Because movant did not raise the constitutional issue at the first opportunity, his point is denied.

Movant's claim of ineffective assistance of counsel and his assertion that his plea was not voluntarily and knowingly made are refuted by the record. An extended discussion of these points would have no precedential value and they are denied in compliance with Rule 84.16(b).

The judgment was not clearly erroneous. It is affirmed.

SMITH and SATZ, JJ., concur.