Dale **HUFFMAN**, Defendant-Appellant,

v.

**STATE of Missouri,**
**Plaintiff-Respondent.**

No. 13774.

Missouri Court of Appeals,
Southern District,
Division Two.

Jan. 3, 1986.

Motion for Rehearing or Transfer
Denied Jan. 22, 1986.

Application to Transfer Denied
Feb. 18, 1986.

David H. Dunlap, Don M. Henry, Henry, Henry & Henry, P.C., West Plains, for defendant-appellant.

John Ashcroft, Atty. Gen., Frank A. Rubin, Jefferson City, for plaintiff-respondent.

HOGAN, Presiding Judge.

This is a postconviction proceeding under Rule 27.26.[1] The petitioner (hereinafter defendant) seeks to withdraw his plea of guilty after conviction. On July 8, 1981, an information was filed in the Circuit Court of Howell County, charging defendant with the sale of marijuana in violation of § 195.-020, RSMo 1978. Defendant's attorney negotiated a plea bargain with the State. On August 3, 1981, without the presence, but with the knowledge of his attorney, defendant entered a plea of guilty. In accordance with the plea bargain, the trial court placed the defendant on probation for 2 years.

On February 17, 1983, defendant's probation was revoked. He was sentenced to imprisonment for 5 years and placed on parole for that period. He was also ordered to serve 30 days in the county jail commencing February 25, 1983. Defendant thereupon commenced this proceeding under Rule 27.26 to withdraw his plea of guilty and vacate his sentence. After a hearing, the motion was denied. Defendant appealed; this court reversed and remanded the cause for findings of fact and conclusions of law, 668 S.W.2d 255. Those findings have been made and the defendant has again appealed. The substance of the court's finding was that when the plea was accepted, the Circuit Court of Howell County substantially complied with Rule 24.02(b) and (c). Relief was denied. The findings are helpful and as explicit as the able and conscientious trial judge could make, but it is unnecessary to extend the opinion by setting out the findings and conclusions at length. This court has held and continues to adhere to the view that when a criminal defendant seeks to withdraw his plea of guilty and vacate the sentence imposed thereon, he has the burden to show by a preponderance of the evidence that accept-

1. References to statutes and rules are to RSMo 1978 and Missouri Rules of Court (12th ed. 1981).

ance of his plea has caused a manifest injustice. *Winford v. State*, 485 S.W.2d 43, 49[2–4] (Mo. banc 1972); *Deck v. State*, 682 S.W.2d 874, 877[3] (Mo.App.1984); *Moore v. State*, 624 S.W.2d 520, 522 (Mo.App. 1981); *Martin v. State*, 558 S.W.2d 701, 703 (Mo.App.1977).

■ Specifically, the defendant has made two points on appeal in this court. First, the defendant asserts that the findings of fact made upon this hearing were not specific enough to comply with the mandate of this court. The rule consistently followed by the Court of Appeals in 27.26 proceedings is that when the trial court has made findings on all issues sufficient to enable the reviewing court to review the movant's contention, the requirements of Rule 27.-26(i) have been satisfied. *Mercer v. State*, 666 S.W.2d 942, 947 (Mo.App.1984); *Jones v. State*, 604 S.W.2d 607, 609 (Mo.App. 1980).

■ The defendant also contends that his plea was involuntary because the trial court did not specifically advise him 1) of the nature of the power of the court upon revocation of a probation, and 2) the fact that revocation of the probation and subsequent sentence could result in an increased punishment upon a second violation of Chapter 195. The answer to this contention is that when defendant's plea was accepted in 1981, Rule 24.02(b)1 required the trial court to address defendant, inform him of, and determine that he understood "the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law." The rule required the court to inform the defendant of the "direct" consequences of his plea; it did not require the court to advise the defendant of the "collateral" consequences of his plea. *McIntosh v. State*, 627 S.W.2d 652, 655–56 (Mo.App.1981). The "direct consequences" of a plea are those which definitely, immediately and largely automatically follow the entry of a plea of guilty. *George v. Black*, 732 F.2d 108, 110

(8th Cir.1984). The possibility of enhanced punishment upon a subsequent drug charge is a "collateral consequence." *United States v. Lambros*, 544 F.2d 962, 966[3] (8th Cir.1976), *cert. denied*, 430 U.S. 930, 97 S.Ct. 1550, 51 L.Ed.2d 774 (1977). So, in our view, were the sentencing alternatives open to the trial court should the defendant violate his parole. *McIntosh v. State*, 627 S.W.2d at 655[8]. The defendant was correctly informed of the maximum and minimum sentence which would automatically follow a plea of guilty.[2] Inasmuch as Rule 24.02 is a rescript of the 1980 version of Fed.R.Crim.P. 11, we take the federal precedents as strong persuasive authority. *Griffin v. State*, 684 S.W.2d 425, 427[3, 4] (Mo.App.1984).

The defendant also complains that he was not informed of his right to a jury trial nor of his right not to be compelled to incriminate himself if a trial was had. However, the defendant testified about the rights of which he was aware, prior to the time he entered his plea, and answered interrogation as follows:

"Q. Were you aware at that point you had the right to a trial?

A. It never come [sic] up and I didn't think about it, it wasn't brought up.

Q. So you don't know whether or not you were aware that you had a right to a trial?

A. *I guess everybody's aware that they're [sic] have a right to a trial.* But, it wasn't ever offered to me in that form."

As to his Fifth Amendment privilege against self-incrimination, on the other hand, counsel is correct in saying that the record neither shows directly nor by inference that the defendant was ever advised of his privilege not to be compelled to testify against himself in the event he decided to go to trial. As much may, and should be conceded.

**2.** See, in this connection, Project, Fourteenth Annual Review of Criminal Procedure: United States Supreme Court and Courts of Appeals

1983–1984, 73 Geo.L.J. 403, 531–32, n. 1613 (1984).

■ One of the teachings of *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), is that in determining the voluntariness vel non of a guilty plea, courts may not presume from a silent record that defendant tendered his plea with knowledge of the federally protected rights he was foreclosing by entering his plea. However, as we pointed out in our earlier opinion, the trial court is nevertheless permitted to draw reasonable inferences from the evidence. *Huffman v. State*, 668 S.W.2d 255, 256 (Mo.App.1984). Here, the defendant had counseled on several occasions with an able attorney who was once an assistant United States Attorney for the Western District of Missouri. Defendant testified that he supposed "everybody's aware [they] have a right to a [jury] trial." Those facts were sufficient to form the basis for an inference that defendant knew of his right to a trial, even though he was not advised of that right in extenso.

■ Although the record does not reflect that defendant was aware of his Fifth Amendment privilege upon trial, the determinative factual aspect of this particular case is that the defendant never contemplated going to trial. The defendant's plea bargain was discussed on several occasions. The State reduced its demand to 2 years' probation after several conferences with defendant's attorney. Time and again during the course of the hearing upon the motion, defendant indicated that he was prepared to accept probation because "it [sounded] better than the pen" and that he had nothing to fear from probation because "I had no reason to worry about 'what if' [he violated the terms of his probation], because I wasn't figuring on doing anything wrong anyhow. So, therefore I didn't worry about what would happen 'if.' "

To reiterate, the essential and fundamental question in cases wherein a defendant seeks to withdraw his plea of guilty after sentence has been imposed is, at the present time, whether the defendant was *prejudiced* by the trial court's failure to comply with the requirements of Rule 24.-02. We are in most cordial agreement with our colleagues at St. Louis that Rule 24.02 was adopted in 1979 to conform the requirements of state and federal law. *Griffin v. State*, 684 S.W.2d at 427[3, 4]. Rule 24.02 is manifestly intended to shield a criminal defendant against infringement of federally protected rights, and in protecting those rights, we need not be more zealous than the General Government itself. *Oregon v. Hass*, 420 U.S. 714, 719, 95 S.Ct. 1215, 1219[1, 2], 43 L.Ed.2d 570, 575–76 (1974).

Fed.R.Crim.P. 11 was amended in 1983 by the addition of paragraph (h), which reads:

> "(h) Harmless error. Any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded."

In short, the harmless error rule is applicable to proceedings to withdraw a plea of guilty under federal practice; certainly by direct analogy that rule should be applicable to proceedings to withdraw a plea of guilty after sentence has been imposed under our Rule 27.26. To say as much is not to encourage indifferent compliance with or disregard of Rule 24.02(b); it is to say once again that the ultimate issue before the trial court in the hearing we ordered was "whether manifest injustice [would] result if the conviction based on the guilty plea [were] permitted to stand." *United States v. Scharf*, 551 F.2d 1124, 1130 (8th Cir. 1977), *cert. denied*, 434 U.S. 824, 98 S.Ct. 70, 54 L.Ed.2d 81 (1977). In other words, we impartially address the question of prejudice in the circumstances of the individual case.

■ If we attempt to view this case as it originally appeared to the trial court, it becomes obvious that no trial of the cause was ever contemplated by the State or the defendant. There was no reason and no necessity to advise the defendant of that panoply of federally protected rights which accrues to every criminal defendant by reason of the doctrine of selective incorporation. The real basis of defendant's complaint is that he was not informed of the

collateral consequences of his plea, principally the consequence of recidivism. There is no manifest injustice to the defendant in allowing the conviction to stand, and therefore the judgment is affirmed.

PREWITT, C.J., and MAUS and CROW, JJ., concur.