Corey L. SIMPSON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 41891.

Missouri Court of Appeals,
Western District.

Nov. 14, 1989.

Ellen H. Flottman, Columbia, for appellant.

William L. Webster, Atty. Gen., John M. Morris, Asst. Atty. Gen., Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and KENNEDY and GAITAN, JJ.

GAITAN, Judge.

Movant, Corey L. Simpson, appeals the denial of his Rule 24.035 motion without an evidentiary hearing. On September 29, 1987, movant entered a plea of guilty to one count of burglary in the first degree, § 569.160 RSMo 1986, and one count of robbery in the second degree, § 569.030 RSMo 1986. Pursuant to a plea agreement, prosecutors dismissed charges for two counts of first degree burglary, four counts of first degree robbery, § 569.020 RSMo 1986, and five counts of armed criminal action, § 571.015 RSMo 1986. Movant was sentenced to a term of fifteen years for the burglary charge and ten years for the robbery charge, to run consecutively. The trial court ordered the sentences to run concurrently with movant's probation revocation sentence for a conviction of burglary in the second degree.

Movant filed a pro se 24.035 motion on April 13, 1988, which was amended by appointed counsel on June 20, 1988. The motion court entered findings of facts and conclusions of law on March 15, 1989, denying movant's claim without a hearing. We affirm.

Our review of the motion court's denial of a Rule 24.035 motion is limited to a determination of whether the findings and conclusions of the trial court are clearly erroneous. *Day v. State*, 770 S.W.2d 692, 695 (Mo. banc 1989); Rule 24.035(j). Findings and Conclusions are clearly erroneous only if, after a review of the entire record, the appellate court is left with the definite and firm impression that a mistake has been made. *Sanders v. State*, 738 S.W.2d 856, 857 (Mo. banc 1987). The standard used to determine whether movant is entitled to an evidentiary hearing is that the movant must plead facts, not conclusions, which if true would entitle him to relief, and such factual allegations are not refuted by the record in the case. *Reeder v. State*, 712 S.W.2d 431, 432 (Mo.App. 1986). Further, when a plea of guilty is made, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. *Scott v. State*, 758 S.W.2d 170, 172 (Mo.App.1988).

Movant first claims that his plea was involuntary because the trial court failed to inform him of his constitutional right to confront and cross-examine witnesses, in contravention of Mo.R.Crim.P. 24.02(b)(3).

Rule 24.02(b) is an adoption of Rule 11(c) of the Federal Rules of Criminal Procedure. *Griffin v. State*, 684 S.W.2d 425, 427 (Mo.App.1984). Rule 24.02 serves to conform the requirements of state and federal law, and consequently our courts have utilized both executive and judicial interpretations of Fed.R.Crim.P. 11(c) as strong persuasive authority in interpreting Rule 24.02(b). *Huffman v. State*, 703 S.W.2d 566, 568 (Mo.App.1986); *Griffin v. State*, 684 S.W.2d at 427.

In *Huffman v. State*, analogous to our case, the movant correctly claimed that during his guilty plea proceeding, the trial court failed to advise him of his privilege against self-incrimination in contravention of 24.02(b)(3). In its opinion, the southern district reviewed the purposes and similarities of Fed.R.Crim.P. 11(c) and Rule 24.02. The court noted that the federal rule was amended in 1983, adding subdivision (h), which clearly specified that the harmless error doctrine applied to Rule 11(c) violations. *Huffman v. State*, 703 S.W.2d at 569; *see also* Fed.R.Crim.P. 11 advisory committee's note, 1983 amendment. The court held that if the harmless error rule applied to proceedings to withdraw a plea of guilty under federal practice, that by direct analogy the rule should be applicable

to proceedings to withdraw a plea of guilty after sentence had been imposed under state law. After review of the record, the court in *Huffman* found that the failure of the trial court to inform the movant of his fifth amendment right was harmless and non-prejudicial. Therefore, the court allowed the plea and conviction to stand.

The ultimate issue before a motion court is whether manifest injustice would result if the convictions based on the guilty plea were permitted to stand. *Huffman v. State*, 703 S.W.2d at 569; *e.g.*, *United States v. Scharf*, 551 F.2d 1124, 1130 (8th Cir.1977), *cert. denied*, 434 U.S. 824, 98 S.Ct. 70, 54 L.Ed.2d 81 (1977). In the present case, the record indicates that the movant was informed of the charges pled to; the range of punishment; the right to trial by judge or jury; the right not to be compelled to incriminate himself; the right to present evidence; the court's subpoena power; and that by pleading guilty he waived, on the charges pled to, further right to trial. The movant, when asked by the court, stated that no one caused him to plead guilty, that he understood the plea agreement process, and that he had in fact committed the crimes.

There was substantial compliance with Rule 24.02(b). *Huffman v. State*, 703 S.W.2d at 569; *Griffin v. State*, 684 S.W.2d at 427–28. *See also, United States v. Timmreck*, 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087–88, 60 L.Ed.2d 634 (1979) (a conviction based on a guilty plea is not subject to collateral attack when all that can be shown is a formal violation of Rule 11). Movant's contention that he did not make a knowing and intelligent waiver is clearly refuted from the record. Additionally, movant does not allege that the trial court's failure to inform him of his right to confront the State's witnesses caused him to plead guilty or that if he had been informed of the right, he would have unequivocally gone to trial. *See, United States v. C.W.E.H.*, 838 F.2d 993, 994 (8th Cir.1988). By failing to provide sufficient facts and merely stating conclusions, the movant fails to make the necessary showing for relief. We find no manifest injustice to movant in allowing the conviction to stand. Movant's first point is denied.

In movant's second point he contends that trial counsel was ineffective for failing to investigate witnesses and by allegedly indicating an unwillingness to take the case to trial. The record refutes this contention. At the guilty plea proceeding, movant stated without hesitation on two occasions, that he was satisfied with his counsel's representation and that counsel had done everything movant requested. Movant further acknowledged that he understood that trial counsel was willing and ready to try the case.

Movant fails to provide facts showing that had trial counsel investigated witnesses, that such witnesses would have exonerated him. *Humphrey v. State*, 723 S.W.2d 409, 411 (Mo.App.1986). He fails to allege facts as to what defenses or evidence further investigation would have produced. *Clark v. State*, 690 S.W.2d 828, 829 (Mo. App.1985). Movant's assertion that trial counsel was unwilling to go to trial is refuted by movant's statement under oath that he recognized that his counsel was ready to proceed with the case. Additionally the record indicates that the motivating factor for the plea was the plea bargain agreement.

We conclude that the record indicates that there was a factual basis for movant's plea and that it was entered voluntarily and knowingly. The movant court was not clearly erroneous in its finding and conclusions.

Judgment affirmed.

All concur.