Jay D. STEINLE, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 46933.

Missouri Court of Appeals, Western District.

Aug. 10, 1993.

Motion for Rehearing and/or Transfer to Supreme Court Denied Sept. 28, 1993.

Lee M. Nation, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Rudolph R. Rhodes, IV, Asst. Atty. Gen., Jefferson City, for respondent.

Before ULRICH, P.J., and BERREY and SMART, JJ.

ULRICH, Judge.

Jay D. Steinle appeals the denial of his Rule 24.035 postconviction motion which sought to vacate the judgment of conviction entered on his guilty plea to each of five counts of sodomy, section 566.060.3, RSMo 1986. Mr. Steinle was sentenced to a consecutive ten-year sentence of imprisonment on each of the five counts for a total of fifty years imprisonment. Mr. Steinle claims that the motion court erred in denying his Rule 24.035 motion because (1) his trial counsel failed to fully and properly advise him of the potential punishment to which his pleas of guilty subjected him; (2) that his trial counsel was ineffective for failing to file a motion to suppress his inculpatory statement to law enforcement officers; and (3) that his trial counsel was ineffective for failing to speak to the court at his sentencing hearing in support of his candidacy for probation. The judgment denying Mr. Steinle's Rule 24.035 postconviction motion is affirmed.

Mr. Steinle pleaded guilty to five counts of sodomy, section 566.060.3, RSMo 1986. The plea agreement between the prosecuting attorney and Mr. Steinle provided that in exchange for his plea of guilty to each of the five sodomy counts, Mr. Steinle would not be prosecuted on similar counts involving a second minor child victim. Additionally, the State agreed not to speak at the sentencing hearing, and the two parties agreed that the court would impose sentence based upon the presentence investigation report. Each of the five counts of sodomy in violation of section 566.060, RSMo 1986, constituted class B felonies, and Mr. Steinle was sentenced pursuant to section 558.011.1(2), Supp. RSMo 1992.

Following sentencing and commitment to the Department of Corrections, Mr. Steinle timely filed his pro se Rule 24.035 postconviction motion. Counsel was appointed, and an amended motion was timely filed. The motion court conducted an evidentiary hearing. Following the hearing, the motion court issued its findings of fact and conclusions of law and denied the motion. Mr. Steinle timely appealed the court's order denying his motion.

Appellate review of Rule 24.035 postconviction motions is limited to determining whether the findings and conclusions of the motion court are clearly erroneous. Rule 24.035(j); *Thurlo v. State*, 841 S.W.2d 770, 771 (Mo.App.1992). The motion court's findings and conclusions are clearly erroneous only if review of the entire record leaves the appellate court with a definite and firm impression that a mistake has been made. *Tipton v. State*, 838 S.W.2d 138, 139 (Mo.App. 1992). After entering a guilty plea, the ineffective assistance of a defendant's counsel is relevant only to the extent that it affected the voluntariness of defendant's plea. *Wha-*

*ley v. State,* 833 S.W.2d 441, 444 (Mo.App. 1992). A guilty plea is involuntary when counsel is so ineffective as to have affected the voluntariness of movant's guilty plea. *Id.*

### I.

As his first point on appeal, Mr. Steinle claims that the motion court erred in finding that he was aware of the potential punishment to which he subjected himself when he entered his pleas of guilty to the five counts of sodomy.

Rule 24.02, Supreme Court Rules, provides for tendering and accepting pleas in criminal misdemeanor and felony cases. Rule 24.02(b) requires the court to "address the defendant personally in open court and to inform him of, and determine that he understands" several factors, including the maximum possible penalty provided by law for the offense to which the defendant is pleading guilty. Rule 24.02(b)1. The rule requires the trial court to advise the defendant of the "direct consequences" of his plea, which definitely, immediately and largely automatically follow the entry of his guilty plea. *Huffman v. State,* 703 S.W.2d 566, 568 (Mo. App.1986).

Among the purposes of Rule 24.02 is the intention that the court be convinced that the defendant understands the specific charges and the maximum penalty confronting him and that the defendant recognizes that by pleading guilty, he waives a number of legal rights. However, the requirements and procedures articulated in Rule 24.02 do not constitute an unalterable script that a court must follow before accepting a defendant's guilty plea. Because the defendant is waiving well established rights and subjecting himself to penalty, the record must reflect that the defendant understood the consequences of his plea and consciously waived the rights articulated by the rule. Therefore, the wisest course for the court accepting a defendant's guilty plea may be to meticulously follow in detail the specific items enumerated by Rule 24.02, but the failure to methodically trace in succession each of the items pronounced by the rule does not necessarily constitute prejudicial error. For example, the Missouri Supreme Court in *Mat-*

*thews v. State,* 501 S.W.2d 44 (Mo.1973), held that the failure of the trial court to advise the defendant of the range of punishment prior to accepting his guilty plea did not prejudice the plea where the sentence imposed was agreed upon in advance. *Id.* at 46. In *Huffman* the court found that the failure of the trial court to inform the defendant of his right against self-incrimination, as required by Rule 24.02(b)3., did not prejudice the defendant's guilty plea where the defendant never contemplated proceeding to trial and was willing to serve a two-year sentence of probation. *Huffman,* 703 S.W.2d at 569–70.

Review of the transcripts of both the plea hearing and the postconviction motion evidentiary hearing disclose that Mr. Steinle understood the consequences of his guilty pleas to the five counts of the information. When he entered his pleas of guilty, Mr. Steinle stated that he understood that each of the five counts was a class B felony punishable by five to fifteen years incarceration. Mr. Steinle stated that no promises had been made to him that he would receive probation or that he would receive any specific amount of time in jail. Mr. Steinle acknowledged that the only plea agreement between the state and himself was that the state would not file charges which had been drafted alleging sexual misconduct with another minor child in exchange for Mr. Steinle's pleas of guilty to each of the pending five counts of sodomy.

At Mr. Steinle's Rule 24.035 postconviction motion hearing, he testified that his attorney explained to him that he could be punished by incarceration of between five to fifteen years on each count. He stated that he was sure that his attorney had discussed with him the possibility of consecutive sentencing, although he did not recall specifically such discussion. He stated that he and his attorney discussed many times the length of incarceration that he could expect to serve, and he understood from those discussions that his attorney believed he would be imprisoned two to three years before he would be eligible for parole. Mr. Steinle acknowledged that he "might have known that it was possible to receive a long sentence."

Mr. Steinle's attorney also testified at the postconviction motion evidentiary hearing. He testified that Mr. Steinle was aware of the possibility that he could receive consecutive sentences, but he had advised his client that "normally, when you enter into a plea like this, the state had agreed to stand moot and silent and not make any recommendations," and that he would probably receive concurrent sentences.

■ The disappointing realization that a greater sentence has been imposed than that anticipated does not render a guilty plea involuntary. *Gillespie v. State,* 785 S.W.2d 725, 727 (Mo.App.1990). The motion court's findings that Mr. Steinle understood the terms of the plea agreement when he entered his pleas of guilty to the five counts, that he received the benefit of the plea agreement, and that he had been informed of and was aware of the range of potential punishment possible for the offenses to which he pleaded guilty were not clearly erroneous. Point I is denied.

## II.

■ As point II on appeal, Mr. Steinle claims that the motion court erred in denying his claim of ineffective assistance of counsel for counsel's failure to file a motion to suppress his inculpating statement to law enforcement officers. He contends that the failure to file the motion to suppress demonstrated his counsel's ineffectiveness because (1) he was coerced by officers into making the statement, and (2) the state's case against him rested primarily upon his inculpating statement.

A complaint contending that counsel failed to render assistance to the standard required by law by failing to file and pursue a motion to suppress is waived by a voluntary entry of a guilty plea. *Simpkins v. State,* 766 S.W.2d 729, 731 (Mo.App.1989). Thus, if Mr. Steinle was aware that, through counsel, he could move to suppress his statement to police officers, understood that by entering a plea of guilty to the five pending counts he waived the right to file the motion, and voluntarily entered a plea of guilty to the five counts, he cannot now successfully complain that his counsel failed to file a motion to suppress his statement.

The transcripts of Mr. Steinle's plea of guilty and the postconviction motion evidentiary hearing disclose the following facts regarding this issue. The trial court stated to Mr. Steinle that if he desired to proceed to trial and not enter a plea of guilty that he was confident that Mr. Steinle's attorney would file a motion to suppress the statement that he made to the police and the video statements of the victim in the case. The court informed Mr. Steinle that by entering his plea of guilty he waived his right to file motions to suppress both the statement that he made to police and the video statements made by the victim. Mr. Steinle stated that he understood. Additionally, when asked by the court whether Mr. Steinle had any complaints about his attorney's representation, Mr. Steinle stated that he did not. Thus, after instructing Mr. Steinle that by entering his pleas of guilty to the five pending counts he was waiving numerous specifically articulated rights, the trial court accepted Mr. Steinle's guilty plea as knowledgeable and voluntary. Mr. Steinle's trial counsel testified at the postconviction motion evidentiary hearing that he believed a motion to suppress Mr. Steinle's statement to police officers would be unsuccessful.

Thus, the record reflects that Mr. Steinle was aware that he could file a motion to suppress his statement to police officers at the time he entered his pleas of guilty, he understood that by entering his pleas of guilty he waived his right to file motions to suppress, and he knowingly and voluntarily waived those rights and entered his pleas of guilty. His pleas of guilty constituted a waiver of his counsel's failure to file a motion to suppress his statement to police officers. Point II is denied.

## III.

■ Mr. Steinle asserts as his third and final point on appeal that the motion court erred in denying his Rule 24.035 motion because his counsel failed to argue at the sentencing hearing that he should be placed on probation and failed to present supporting evidence of that contention. Such failure, he

claims, constitutes ineffective assistance of counsel in breach of the standard of representation required of attorneys representing individuals charged in criminal proceedings.

The absence of comment by Mr. Steinle's counsel at the sentencing hearing is not a breach of the standard of assistance owed by counsel to Mr. Steinle. Although Mr. Steinle contends that his trial counsel failed to assert his request for probation and to support that claim at the time he was sentenced, Mr. Steinle does not assert any claim or evidence which his trial counsel should have stated or presented to the sentencing court. The trial court found that Mr. Steinle's counsel "was not ineffective for failure to speak at the time of movant's sentencing because movant's previous record and the fact that movant was undergoing counseling were revealed in movant's presentence investigation." Mr. Steinle does not assert any other facts which the court should have considered at the sentencing hearing. The absence of comment by trial counsel at a sentencing hearing by itself does not prove (1) that trial counsel failed to exercise the customary skill and diligence that a reasonably competent attorney would perform under similar circumstances, and (2) that the petitioner was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674, 693 (1984). Point III is denied.

The judgment of the motion court denying Mr. Steinle's Rule 24.035 postconviction motion is affirmed.

All concur.