Eric L. WESTON, Appellant,

v.

STATE of Missouri, Respondent.

No. WD 56329.

Missouri Court of Appeals,
Western District.

July 27, 1999.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 31, 1999.

Application for Transfer Denied
Oct. 26, 1999.

Andrew A. Schroeder, Asst. Public Defender, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Anne E. Hawley, Asst. Atty. Gen., Jefferson City, for respondent.

Before LAURA DENVIR STITH, P.J., LOWENSTEIN and RIEDERER, JJ.

ALBERT A. RIEDERER, Judge.

Appellant, Eric L. Weston appeals from the denial, without an evidentiary hearing, of his Rule 24.035 motion for postconviction relief. He had pleaded guilty to mur-

der in the second degree and armed criminal action. He claimed in the motion that his guilty plea was involuntary because his plea counsel failed to inform him that the State could indirectly advance a request for the imposition of consecutive sentences through the presentation of a victim impact statement. He now claims the motion court "clearly erred" in refusing to grant him an evidentiary hearing. Because we find that a victim's statement at sentencing is a collateral consequence of a guilty plea, we affirm.

### Factual and Procedural History

On August 15, 1997, Appellant was charged by information with murder in the second degree and armed criminal action. On October 23, 1997, Appellant pled guilty to both charges. Prior to his plea hearing, Appellant signed a "Petition to Enter Plea of Guilty" in which he agreed to plead guilty in exchange for the State's promise that it would not file a murder in the first degree charge or other additional charges, and that it would not argue for or request that the sentences imposed for the charges against Appellant run consecutively.

On October 23, 1997, Appellant's plea hearing was held. Appellant was examined by the court at the guilty plea hearing. The following colloquy took place:

*Court:* You further understand that if your plea is accepted to both counts that whatever sentence the Court found for each count appropriate in your case could be made to be served one after the other was [sic] completely finished or consecutive ?

*Appellant:* Yes, your honor.

*Court:* Now, as I understand, there's been a discussion concerning that with the State. And what did you advise Mr. Weston concerning that ?

*Counsel:* That the State would not, per se, request a consecutive sentence, but the decision as to whether the sentences would run concurrent or consecutive would [sic] left to Your Honor's discretion.

*Court:* Did you make that clear to your client then that [sic] agreement is not a plea agreement ?

*Counsel:* It's not.

*Court:* And the Court would not be in any way bound to follow that or allow a withdrawal of a plea of not guilty if I did not, if I determined it ought to be consecutive.

*Counsel:* Yes, Your Honor.

*Court:* Okay. You understand what all that meant, Mr. Weston ?

*Appellant:* Yeah.

*Court:* That it's totally up to the Court ? That although the State's indicated they're not going to specifically request consecutive sentences, that that's not a plea agreement presented to the Court which would be in any way binding on the Court's determination. It's totally up to me.

*Appellant:* Yes, Your Honor.

*Prosecutor:* Judge, so that we are clear, and I think that, that you've clarified it, that that is, that is a determination that is ultimately always made by the Court, and that is exactly what the situation will be in this case. It will be entirely up to you. I understand that [defense counsel] is likely to, is likely to argue for concurrent sentencing in this instance. And we have explained to the Court in chambers the fact that we are not arguing for or against consecutive sentences in no way indicated we are in agreement with [defense counsel's] argument for concurrent sentences. It simply leaves where it always is left, and that is within the discretion of the Court to make that decision after hearing all of the circumstances.

*Court:* But the Court's discretion is, of course, somewhat limited if there is an actual plea bargain agreement, and I'm just making it clear that there is no plea bargain agreement for concurrent sentencing.

*Prosecutor:* And that's, that's exactly correct.

*Court:* Do you understand that sir ?

*Appellant:* Yes, your honor.

Appellant stated that he understood the consequences of his plea. He stated that he understood the range of punishment for murder in the second degree and armed criminal action, and that he understood the sentences could run either concurrently or consecutively. Appellant also indicated that he understood all of the constitutional rights he was relinquishing by pleading guilty. Appellant was also asked by the court whether he had any complaints about his attorney. Appellant stated that he did not. The trial court determined that Appellant's guilty plea was knowing and voluntary.

Appellant's sentencing hearing was held on December 18, 1997. The State presented a victim impact statement from the victim's father, Richard D. Sherman, which provided in part:

> Second degree murder carries a maximum penalty of 30 year in prison. Armed criminal action carries a penalty of three years to life. I ask you in the name of righteousness and justice to impose the maximum penalty allowed by both offenses, both to run consecutively and without parole.

Appellant was sentenced to life imprisonment for murder in the second degree and 10 years for armed criminal action, the sentences to run consecutively.

On February 2, 1998, Appellant filed a *pro se* Rule 24.035 motion for postconviction relief. Appellant's appointed counsel subsequently filed an amended motion. On July 22, 1998, the motion court denied Appellant's motion without an evidentiary hearing. This appeal ensued.

## I. Evidentiary Hearing /Ineffective Assistance of Counsel

■■■ To be entitled to an evidentiary hearing, a post-conviction movant must: (1) allege facts, not conclusions, warranting relief; (2) the facts alleged must raise matters not refuted by the files and records in the case; and (3) the matters complained of must have resulted in prejudice to the movant. *Reynolds v. State,* 1998 WL 609735, 1. "In determining whether this standard is satisfied, it must be kept in mind that where, as here, movant has pleaded guilty, he has waived all errors regarding ineffective assistance of counsel except those that affect 'the voluntariness and knowledge with which the pleas of guilty were made.' " *Johnson v. State,* 941 S.W.2d 827, 829 (Mo.App.1997) (quoting, *Hagan v. State,* 836 S.W.2d 459, 463 (Mo. banc 1992)). Therefore, if the claim of involuntariness is conclusively refuted by the motion and record, an evidentiary hearing is not required. *Id.*(citations omitted). Absent an abuse of discretion, we will defer to the trial court's determination that the Appellant's guilty plea was voluntary. *Redeemer v. State,* 979 S.W.2d 565, 569 (Mo.App.1998).

■■■ To obtain relief on claims of ineffective assistance of counsel, Appellant must establish: (1) that counsel's performance did not conform to the degree of skill, care and diligence of a reasonably competent attorney, and (2) that he was thereby prejudiced. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984). In order to satisfy the "prejudice" requirement, a defendant challenging a guilty plea based on ineffective assistance of counsel must allege facts showing "that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Coates v. State,* 939 S.W.2d 912, 914 (Mo. banc 1997) (quoting, *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985)). The movant bears the burden of proving his or her grounds for relief by a preponderance of the evidence. *Redeemer,* 979 S.W.2d at 569; Rule 24.035.

## II.

Appellant claims in his sole point on appeal that the trial court erred in denying

him an evidentiary hearing because his plea counsel failed to inform him that the State could indirectly advance a request for the imposition of consecutive sentences through the presentation of a victim impact statement, without violating its representation that it would not argue for or request the imposition of consecutive sentences if Appellant pleaded guilty.

### A. Victim's Statements Are Not Imputed To The State

 "Victims who testify at the sentencing of a defendant appear on their own behalf, not on behalf of the state, and their statements do not present views of the prosecutor or the State." *Rick v. State,* 934 S.W.2d 601, 608 (Mo.App.1996). The State does not breach a "stand silent" agreement when a victim or victim's family requests a specific punishment at sentencing. *Sharp v. State,* 908 S.W.2d 752, 755–56 (Mo.App.1995). "[P]rosecutions are undertaken and punishments are sought by the state on behalf of the citizens of the state, and not on behalf of particular victims or complaining witnesses." *State v. Barnett,* 980 S.W.2d 297, 308 (Mo.1998). Article I, section 32.1(2) of the Missouri Constitution states that crime victims have the right to be informed of and heard at sentencings. However, Article I, section 32.1(2) in no way binds the judge's or jury's determination of punishment. *Barnett,* 980 S.W.2d at 308. Therefore, a victim's statement is not imputed to the State.

### B.

### A Victim's Right To Request A Specific Punishment At Sentencing Is A Collateral Consequence Of A Guilty Plea

 The trial court ruled that trial counsel had an obligation to inform his client only of the direct consequences of his conviction, and that the right of a victim's family to address the court is a collateral consequence.

 Counsel has an obligation to inform his client of the direct consequences of conviction. *White v. State,* 957 S.W.2d 805, 808 (Mo.App.1997). However, counsel has no such obligation to inform his client of collateral consequences of his guilty plea. *Id.* There are two sources to determine what constitutes a "direct" or "collateral" consequence. *State v. Hasnan,* 806 S.W.2d 54, 56 (Mo.App.1991). First, we must look to Rule 24.02(b) which outlines the "Advice to Defendant" that must be given by the court before accepting a guilty plea. *Id.* Under Rule 24.02(b), the trial court must address the defendant in person, in open court and determine whether he understands the following:

1. The nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law, and

2. If the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceedings against him and, if necessary, one will be appointed to represent him; and

3. That he has the right to plead not guilty or to persist in that plea if it has already been made, and that he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

4. That if he pleads guilty there will not be a further trial of any kind, so that by pleading guilty he waives the right to a trial.

None of these items in the rule relate in any way to the right of a crime victim to make a statement to the court. Thus, the first part of *Hasnan* does not apply here. Second, we must look to caselaw to determine what is a "direct consequence" of a guilty plea and what is a "collateral conse-

quence." *Hasnan,* 806 S.W.2d at 56. In *Hasnan,* this court noted that the caselaw teaches us that "the 'direct consequences' of a plea are those which definitely, immediately, and largely automatically follow the entry of a plea of guilty." *Id.* (quoting, *Huffman v. State,* 703 S.W.2d 566, 568 (Mo.App.1986).[1] The question then, is whether the recommendation of the oral victim statement—"to impose the maximum penalty allowed by both offenses, both to run consecutively and without parole"—is a consequence which definitely, immediately and largely automatically follows the entry of a plea of guilty.

Appellant claims that "plea counsel failed to inform Appellant that the State could indirectly advance a request for the imposition of consecutive sentences through the presentation of a victim impact statement." The premise of this argument—that the State indirectly argued for consecutive sentences through presentation of a victim impact statement—is false, as shown above. Appellant argues, however, that plea counsel nevertheless had a duty to inform Appellant that "the State would be allowed to present ... a statement from the victim's family requesting the imposition of consecutive sentencing." The question is, then, whether presentation of a victim impact statement recommending consecutive sentences definitely, immediately and largely automatically follows the entry of a guilty plea. The answer is no. The right of a crime victim to make a statement to the court at sentencing pursuant to a plea of guilty arises from three provisions of the Mis-

souri Constitution and statutes. Article I, Section 32.1(2) provides that "crime victims ... have ... the right to be ... heard at ... sentencings ... unless in the determination of the court, the interests of justice require otherwise." This is not a definite, immediate and largely automatic effect of a guilty plea. Although a victim has a right to be heard at sentencing, it is not definite or largely automatic that the victim will be heard. First, the victim is not required to appear and need not do so if he or she chooses not to. Second, even if the victim wished to be heard, he or she may be precluded from being heard if the court determines that the interests of justice require otherwise. Since the victim being heard at sentencing is not a definite, immediate and largely automatic effect of the guilty plea, it is not a "direct consequence" of the plea.

Crime victims are also provided the "right to be heard" at sentencing under Section 595.209.1(4). However, the right is also circumscribed by the phrase "unless in the determination of the court the interests of justice requires otherwise." *Id.* Just as in the constitutional grant, this statutory grant of the right to be heard at sentencing is not a definite, immediate and largely automatic effect of the plea of guilty, and, therefore, it is not a direct consequence of the plea of guilty.

Section 557.041.2 also provides for the right of a crime victim to be heard at sentencing pursuant to a guilty plea:

> At the time of sentencing of any person who has pled guilty or been found guilty

---

1. The *Huffman* court derived this test from the Eighth Circuit case, *George v. Black,* which noted that "The distinction between 'direct' and 'collateral' consequences of a plea ... turns on whether the result represents a definite, immediate and largely automatic effect on the range of the defendant's punishment." 732 F.2d 108, 110 (8 th Cir.1984) (quoting, *Cuthrell v. Director, Patuxent Institution,* 475 F.2d 1364, 1366 (4 th Cir.1973); *United States v. Lambros,* 544 F.2d 962, 966 (8 th Cir.1976)). The test used by the Eight Circuit, then, in *George, Cuthrell* and *Lambros* is that a direct consequence of a plea is one which has "a definite

immediate and largely automatic effect on the range of the defendant's punishment." *George,* 732 F.2d at 110. This is a much more restrictive standard than the one announced in *Hasnan* (a direct consequence of a plea is one which "definitely, immediately and largely automatically follow[s] the entry of a plea of guilty." 806 S.W.2d at 56) and has never been used in Missouri courts. We need not decide whether the more restrictive standard applies, however, because even under our standard of *Hasnan,* this Appellant cannot prevail.

of a felony offense, the victim of such offense may appear before the court personally or by counsel for the purpose of making a statement or may submit a written statement. The statement shall relate solely to the facts of the case and any personal injuries or financial loss incurred by the victim. A member of the immediate family of the victim may appear personally or by counsel to make a statement if the victim has died or is otherwise unable to appear as a result of the offense committed by the defendant.

The statute is not mandatory, but, rather, provides the victim "may" appear before the court. Since the statute is not mandatory, the appearance of a victim to make a statement at sentencing is neither definite nor largely automatic. Furthermore, the statute provides that the victim's statement to the court "shall relate solely to the facts of the case and any personal injuries or financial loss incurred by the victim." *Id.* Appellant claim specifically that he should have been informed about the victim being able to recommend consecutive sentencing. However, the victim is not granted the right to recommend consecutive sentencing, and therefore, such a recommendation cannot be a definite or largely automatic consequence of the guilty plea.

Clearly, the best practice would be for plea counsel to advise the defendant of the rights of the crime victim or his or her family to address the court. Nevertheless, examination of all three sources of the right of a victim to make a statement to the court at sentencing leads inexorably to the conclusion that such a statement is not a direct consequence of the plea of guilty. Therefore, plea counsel had no duty to inform Appellant absent such a statement, and, consequently, plea counsel did not fail to conform to the degree of skill, care and diligence of a reasonably competent attorney. Since Appellant has failed to allege any facts which establish the first prong of the *Strickland* test, he cannot prevail on

his claim of ineffective assistance of counsel.

## C. The Motion Court did not Abuse its Discretion in Denying Appellant's Request for an Evidentiary Hearing

Furthermore, Appellant did not show by a preponderance of the evidence that his guilty plea was not voluntary. *Redeemer,* 979 S.W.2d 565 at 569; Rule 24.035. Absent an abuse of discretion, we will defer to the motion court's determination that Appellant's guilty plea was voluntary. *Id.* The motion court did not abuse its discretion in denying Appellant's motion without an evidentiary hearing. "Judicial discretion is abused when a trial court's ruling is clearly against the logic of the circumstances then before the court and is so arbitrary and unreasonable as to shock the sense of justice and indicate a lack of careful consideration." *State v. Jackson,* 969 S.W.2d 773, 775 (quoting, *King v. Copp Trucking, Inc.,* 853 S.W.2d 304, 307 (Mo.App.1993). The court's ruling was not against the logic of the circumstances before it. At the plea hearing Appellant stated that he understood that he was forever giving up his right to a jury trial, that he understood what the range of punishment is for murder in the second degree, and that although the State indicated they were not going to specifically request consecutive sentences, that that was not a plea agreement presented to the Court, and that it would not be in any way binding on the Court's determination. Appellant also stated that he was entering the plea voluntarily and by his own free will and that his attorney had done everything in the case that he had requested him to do.

The sentencing hearing transcript is seventy-three pages long, six lines of which was the victim's fathers statement regarding sentencing. Even so, the trial court did not impose the sentence requested by the victim's father. Further, there was an abundance of evidence, such as Appellant admitting that he broke into his girl-

friend's house, stabbed her and left her to bleed to death, from which the court could conclude consecutive sentences were appropriate.

### Conclusion

We hold that the victim's statement to the court at sentencing is a collateral consequence of Appellant's guilty plea, and, therefore, plea counsel's failure to advise Appellant thereof is not a failure to conform to the degree of skill, care and diligence of a reasonably competent attorney. The trial court properly denied Appellant's Rule 24.035 motion without an evidentiary hearing. The judgment of the trial court is affirmed.

All concur.