

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-19-00226-CR

_____

CAMILLE MASON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from County Criminal Court No. 2
Tarrant County, Texas
Trial Court No. 1555502

---

Before Sudderth, C.J.; Gabriel, J.; and Lee Ann Dauphinot (Senior Justice, Retired,
Sitting by Assignment)
Memorandum Opinion by Justice Dauphinot

## MEMORANDUM OPINION

A jury convicted Appellant Camille Mason of the misdemeanor offense of making a false report to a peace officer. The parties agreed on a sentence of 90-days' incarceration in the Tarrant County jail, with imposition of the sentence suspended and Appellant placed on community supervision for 18 months. In addition, the parties agreed on the imposition of a fine of $250 and a requirement that Appellant serve 30-days' confinement in the Tarrant County jail as conditions of community supervision. The trial court accepted the agreement and sentenced Appellant accordingly.

Appellant brings a single point on appeal, contending, "The trial court reversibly erred when it allowed a reasonable doubt instruction in the Jury Charge on guilt/innocence that was redundant, confusing and logically flawed." Because the trial court committed no reversible error, we affirm the trial court's judgment.

Jury Charge

We dispense with a discussion of the facts of the underlying offense because they are not relevant to Appellant's sole point on appeal, which complains of alleged jury-charge error. We review all such complaints, regardless of whether the appellant preserved the complaint at trial.[1]

Here, the trial court instructed the jury,

---

[1]*Kirsch v. State*, 357 S.W.3d 645, 649 (Tex. Crim. App. 2012).

The prosecution has the burden of proving the Defendant guilty, and it must do so by proving each and every element of the charge beyond a reasonable doubt, and if it fails to do so, you must acquit the Defendant.

It is not required that the prosecution prove guilt beyond all possible doubt; it is required that the prosecution's proof excludes [sic] all "reasonable doubt" concerning the Defendant's guilt.

Appellant acknowledges that the Texas Court of Criminal Appeals has held that a trial court does not err by including this exact instruction in a jury charge[2] even though it has said that it is "the better practice" not to do so.[3] She presents this issue, she explains, in order to advocate for a change or reversal in the law and to preserve it for further review.

No matter how inviting, and no matter how logically flawed the portion of the definition of reasonable doubt provided to the jury may be, we must decline Appellant's request to hold contrary to the Court of Criminal Appeals's controlling authority.[4]

We therefore overrule Appellant's sole point on appeal and affirm the trial court's judgment.

---

[2]*Woods v. State*, 152 S.W.3d 105, 115 (Tex. Crim. App. 2004); *Pope v. State*, 161 S.W.3d 114, 125 (Tex. App.—Fort Worth 2004), *aff'd*, 207 S.W.3d 352 (Tex. Crim. App. 2006).

[3]*Mays v. State,* 318 S.W.3d 368, 389 (Tex. Crim. App. 2010).

[4]*Sierra v. State*, 157 S.W.3d 52, 60 (Tex. App.—Fort Worth 2004), *aff'd*, 218 S.W.3d 85 (Tex. Crim. App. 2007).

/s/ Lee Ann Dauphinot
Lee Ann Dauphinot
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: December 10, 2020

4